IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:24-cv-739

GARY SURGEON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

WAREHOUSE HOME FURNISHINGS DISTRIBUTORS, INC. d/b/a FARMERS HOME FURNITURE,

Defendant.

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, in accordance with 28 U.S.C. §§ 1441 and 1446, Defendant Warehouse Home Furnishings Distributors, Inc. d/b/a Farmers Home Furniture ("FHF"), hereby removes the action *Gary Surgeon, individually and on behalf of all others similarly situated v. Warehouse Home Furnishings Distributors, Inc. d/b/a Farmers Home Furniture*, Case No. 24 CVS 002605, from the General Court of Justice Superior Court Division, Gaston County, North Carolina, to the United States District Court for the Western District of North Carolina, Charlotte Division. This Court has jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of removal, FHF states as follows:

## BACKGROUND

1. On or about July 1, 2024, this action was commenced in the General Court of Justice, Superior Court Division, Gaston County, State of North Carolina, when Plaintiff Gary Surgeon, individually and on behalf of all others similarly

situated ("Plaintiff") filed a putative class action complaint, Case No. 24 CVS 002605, (the "Complaint") alleging violations of North Carolina law (the "Action"). A true and correct copy of the Complaint in the Action along with its four (4) exhibits is attached hereto as **Exhibit A**.

2. On July 15, 2024, a summons and the Complaint were delivered to one of FHF's retail locations at 401 South Battleground Avenue, Kings Mountain, North Carolina 28086. A true and correct copy of the summons is attached hereto as **Exhibit B**.

3. The Complaint alleges that FHF illegally charged Plaintiff, and others similarly situated, illegal processing fees of up to $4 when Plaintiff paid his monthly installment payments via telephone or the internet (the "Fees"), which Plaintiff claims violated North Carolina's Fair Debt Collection Act, N.C. Gen. Stat. § 75-55(2). (*See, e.g.*, Compl. ¶¶ 2, 5, 40, 59). The Complaint further alleges that FHF charging such Fees was deceptive and unfair in violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 76-1.1. (*See, e.g.*, Compl. ¶¶ 3, 42-43, 63-64).

4. This Court is vested with original jurisdiction relative to the allegations of the Complaint by virtue of 28 U.S.C. §§ 1332(d) and 1453, in that it is a civil action brought by Plaintiff as a putative class action in which the matter in controversy exceeds the sum or value of $5,000,000.

5. This Action may be properly removed to this Court pursuant to 28 U.S.C. § 1441.

## GROUND FOR REMOVAL

6. The Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). This action meets all the requirements for federal jurisdiction.

7. Plaintiff initiated his action pursuant to Rule 23 of the North Carolina Rules of Civil Procedure seeking to represent a class of plaintiffs which he alleges were harmed by FHF's actions. (Compl. ¶¶ 44-55). Plaintiff alleges that "there are thousands of class members," (*id.* ¶ 49), and that "Plaintiff and the Class . . . are entitled to actual damages, plus statutory damages of not less than five hundred dollars ($500.00) nor greater than four thousand dollars ($4,000) for each violation of N.C. Gen. Stat. § 75-56," (*id.* ¶ 60). If the putative class consists of 2,000 plaintiffs, each claiming only one violation for statutory damages of $4,000 per violation, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.[1] 28 U.S.C. § 1332(d)(2). Additionally, Plaintiff also seeks compensatory damages, punitive damages, attorneys' fees, and treble damages. (Compl. Demand for Relief).

8. Plaintiff initiated this Action on behalf of "All North Carolina residents" who entered contracts with FHF and paid Fees to FHF. (Compl. ¶ 44).

---

[1] FHF does not concede that it is liable to Plaintiff or any putative class for, or that they are entitled to, any amount or other relief alleged in the Complaint.

9. FHF is a Georgia corporation with its principal place of business in Georgia, (*id.* ¶ 10); therefore, FHF is a citizen of Georgia.

10. Therefore, all members of the putative class are citizens of a State different from FHF. 28 U.S.C. § 1332(d)(2)(A).

11. Therefore, removal is proper under 28 U.S.C. §§ 1332(d) and 1453.

12. This Notice of Removal is timely filed pursuant to 28 U.S.C. §§ 1446(b) and 1453 within 30 days of FHF's receipt of the Summons and Complaint on July 15, 2024.

13. The Action was originally filed in the General Court of Justice Superior Court Division of Gaston County, North Carolina. Venue is therefore proper in this District and Division, pursuant to 28 U.S.C. §§ 113(c), 1441(a), and 1446(a), because it includes the County in which this Action is pending.

## **COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

14. In accordance with 28 U.S.C. § 1446(a), copies of the process, pleadings, and orders received by FHF are attached hereto as **Exhibits A-B**.

15. Contemporaneous with the filing of this Notice of Removal, Plaintiff shall be given written notice hereof, in compliance with 28 U.S.C. § 1446(d).

16. Further, pursuant to 28 U.S.C. § 1446(d), the filing of a copy of this Notice of Removal with the clerk of the state court effects the removal of the Action. A Notice of Filing of Notice of Removal and a copy of this Notice of Removal will be filed with the Clerk of the General Court of Justice Superior Court Division of Gaston

County, State of North Carolina, in the Action, in the form attached hereto as **Exhibit C**, in compliance with 28 U.S.C. §1446(d).

## NON-WAIVER/RESERVATION OF RIGHTS

17. Nothing in this Notice of Removal is intended to be, nor should be construed as an admission by FHF of any fact, law, liability, nor of the accuracy or veracity of Plaintiff's allegations, nor of Plaintiff's entitlement to any form of relief, and FHF in no way waives any claims or defenses it has or may have in connection with the Complaint, or the subject matter thereof. All defenses, affirmative defenses, avoidances, claims, and rights are hereby expressly reserved.

WHEREFORE, Defendant Warehouse Home Furnishings Distributors, Inc. d/b/a Farmers Home Furniture hereby respectfully removes this Action to the United States District Court for the Western District of North Carolina.

Respectfully submitted this 13th day of August, 2024,

*/s/ Nicholas H. Lee*
Nicholas H. Lee (NC Bar No. 47885)
PARKER POE ADAMS & BERNSTEIN LLP
620 South Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: (704) 372-9000
Facsimile: (704) 334-4706
nicholaslee@parkerpoe.com

Charles E. Raynal, IV (NC Bar No. 32310)
Aislinn R. Klos, (NC Bar No. 58309)
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Telephone: (919) 828-0564
charlesraynal@parkerpoe.com
aislinnklos@parkerpoe.com

*Attorneys for Warehouse Home Furnishings Distributors, Inc. d/b/a Farmers Home Furniture*

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2024, I served the foregoing ***NOTICE OF REMOVAL*** by first-class mail, postage prepaid, on the following:

Benjamin M. Sheridan
Jed R. Nolan
Klein & Sheridan, LC PC
964 High House Road, PMB 2039
Cary, NC 27513

This the13th day of August, 2024.

*/s/ Nicholas H. Lee*
Nicholas H. Lee (NC Bar No. 47885)
Parker Poe Adams & Bernstein LLP
620 S. Tryon St., Ste. 800
Charlotte, NC 28202
Telephone: 704-372-9000
nicholaslee@parkerpoe.com
*Counsel for Warehouse Home Furnishings Distributors, Inc. d/b/a Farmers Home Furniture*