UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-739-MOC

| | | |
|---|---|---|
| GARY SURGEON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **ORDER** |
| WAREHOUSE HOME FURNISHINGS DISTRIBUTORS, INC. d/b/a FARMERS HOME FURNITURE, | ) ) ) ) ) | |
| Defendant. | ) ) | |

This matter comes before the Court on Defendant's Motion to Compel Arbitration and Dismiss Class Claims, or, alternatively, to Dismiss. (Doc. No. 11).

**I.      Background**

This case arises out of a series of installment contracts between the parties and the "pay-to-pay" fees charged to Plaintiff Gary Surgeon ("Plaintiff") when making payments under those contracts. Plaintiff purchased goods on credit from Warehouse Home Furnishings Distributors, Inc. d/b/a/ Farmers Home Furniture ("Defendant" or "Farmers") on five occasions from 2021 to 2023. The parties entered a total of six installment contracts.

The complete version of the contracts, which Defendants have presented as exhibits, are two-sided, each including an arbitration provision and a class action waiver on the back side. The front side of the contracts alerts the reader to additional terms on the back—in the case of the four contracts signed in 2022 and 2023, the front of the contract explicitly stated that the

1

additional terms included an arbitration provision.[1] Plaintiff did not see the back side of the 2022 or 2023 contracts and denies that the contracts were printed with a back side at all.[2] Plaintiff made monthly installment payments to Defendant under the contracts and was charged a $4.00 fee to make those payments.

On July 1, 2024, Plaintiff filed this action in Gaston County Superior Court. Plaintiff's Complaint alleged that, by charging the "pay-to-pay" fee, Defendant violated his and other putative class members rights under (1) the North Carolina Debt Collection Act, N.C. GEN. STAT. § 75-55(2) (the "DCA"), and (2) the North Carolina Unfair and Deceptive Trade Practices Act, N.C. GEN. STAT § 75-1.1 (the "UDTPA"). (Doc. No. 1, Ex. 1). On August 13, 2024, Defendant removed the action to this Court. (Doc. No. 1). On September 19, 2024, Defendant filed a Motion to Compel Arbitration and Dismiss Class Claims, or alternatively, to Dismiss. (Doc. No. 11). Plaintiff filed a response on October 21, 2024. (Doc. No. 15). Defendant filed a reply on November 20, 2024. (Doc. No. 21). This matter is now ripe for disposition.

## II. Discussion

### A. Arbitration Agreement

Under the Federal Arbitration Act, federal and state courts are obliged to honor and enforce agreements to arbitrate. Vaden v. Discover Bank, 556 U.S. 49 (2009). The FAA is "applicable to any arbitration agreement within the coverage of the Act." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Arbitration agreements connected to "activity that affected commerce" fall within the scope of the FAA. Bernhardt v. Polygraphic Co.

---

[1] The contracts state: "The additional contract terms on the reverse side hereof are a part of this contract" and that "Buyer acknowledge[s] reading, and receiving a copy of, this agreement, the arbitration provision…" in all caps.

[2] At this stage, the Court must view the facts in the light most favorable to Plaintiff, and therefore assumes Plaintiff only received one-sided contracts in those instances.

2

of Am., 350 U.S. 198, 201 (1956). "The FAA provides that any 'written provision' in a contract requiring the parties thereto 'to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable.'" Amos v. Amazon Logistics, Inc., 74 F.4th 591, 595 (4th Cir. 2023) (quoting 9 U.S.C. § 2).

In the Fourth Circuit, a litigant can compel arbitration if the following criteria are met: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect, or refusal of a party to arbitrate the dispute. Adkins v. Labor Ready, Inc., 303 F.3d 496, 500–01 (4th Cir. 2002) (quoting Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991)). If these elements are satisfied, then a district court has no choice but to compel arbitration. Id. at 500.

Here, Plaintiff disputes that there was a valid agreement to arbitrate. He claims that because he did not see and agree to the arbitration clause in the 2022 and 2023 contracts, those terms are invalid, and he cannot be compelled to arbitrate. Plaintiff cites several cases in support of this argument. In Sciolino v. TD Waterhouse Investor Services, Inc., the plaintiff signed a contract which referenced a separate customer agreement containing an arbitration clause. 149 N.C. App. 642, 646 (2002). The court found that, because there was no evidence to suggest the agreement was ever provide to plaintiffs, it was not binding. Id. This Court held in Collier v. RD America, LLC that the plaintiffs could not be compelled to arbitrate despite signing an acknowledgment form for an arbitration agreement because the plaintiffs had presented facts that they did not have actual knowledge of the agreement. No. 3:16-CV-194, 2016 WL 6902454, at *3–4 (W.D.N.C. Nov. 22, 2016). And, in Gay v. Saber Healthcare Group, LLC, the court found that even though there were headings referencing arbitration in documents signed by the

3

plaintiff, the plaintiff's allegations that the pages of the arbitration agreement were not presented to her was enough to avoid compelled arbitration. 271 N.C. App. 1, 6 (2020).

Defendant, on the other hand, argues that the cases cited by Plaintiff are distinguishable, and that he should be charged with constructive notice of the arbitration provisions and therefore bound by them. Under the facts of this case, the Court agrees. The front page of each contract contains a notice that there are additional terms on the back of the page, and the four most recent contracts specifically mention an arbitration provision. Plaintiff is therefore charged with constructive knowledge of and assenting to those terms. Like an internet user who assents to an arbitration provision in an attached Terms of Use document—which this Court has approved of—Plaintiff explicitly acknowledged reading and receiving a copy of the arbitration provision by signing the front of the contract. See Granados v. Lendingtree LLC, No. 3:22-CV-504, 2023 WL 1481545 (W.D.N.C. Feb. 2, 2023), report and recommendation adopted, 2023 WL 2672830 (W.D.N.C. Mar. 28, 2023).

Furthermore, incorporation by reference is acceptable in North Carolina even if reading the additional terms requires an extra step by the signor. See Krusch v. TAMKO Bldg. Prods., Inc., 34 F. Supp. 3d 584, 590 (M.D.N.C. 2014) (finding plaintiff bound by arbitration clause in warranty agreement that was incorporated by reference via text stamped on roofing material plaintiff purchased, which directed the buyer to call a number or go to a website to obtain a copy of the agreement). "[P]arties are bound to the incorporated agreement as if it had been set out in full in the primary agreement." Id. The front side of the 2022 and 2023 contracts contains a disclaimer that an arbitration provision and jury trial waiver are incorporated by reference.[3]

---

[3] The specific language is the following: "THE ADDITIONAL CONTRACT TERMS ON THE REVERSE SIDE HEREOF ARE A PART OF THE CONTRACT.  BUYER(S) ACKNOWLEDGE READING AND RECEIVING A COPY OF, THIS AGREEMENT, THE

4

Thus, the arbitration provision was incorporated by reference even if Plaintiff did not see it.

The cases cited by Plaintiff do not convince the Court that the agreement to arbitrate is invalid. In Sciolino, the defendant produced different versions of the relevant agreement in litigation, one of which had been revised after the plaintiffs had opened the account in dispute. 149 N.C. App at 645. There is no such contradiction in this case. Gay is also distinguishable because the plaintiff in that case requested printed copies of the documents she signed but was not given them. 271 N.C. App at **3–4. Here, Plaintiff never requested a copy of the arbitration agreement he claims was missing despite the contract's clear statement that there was such an agreement and that there were additional terms on the back. While Collier is perhaps the most factually similar to this case, the parties in that case did not raise the issue of incorporation by reference, and the acknowledgment in the underlying contract did not mention incorporation. 2016 WL 6902454 at **2–4.

In conclusion, because Plaintiff was on constructive notice of the arbitration agreement, and that agreement was incorporated by reference into the contract, the Court finds the arbitration provision binding and will compel arbitration.

### B. Class Claims

Plaintiff's class claims will also be dismissed. Class action waivers in arbitration clauses are valid and enforceable. See, e.g., Am. Exp. Co. v. Italian Colors Rest., 570 U.S. 228, 235–39 (2013). The arbitration clause here contains a provision prohibiting Plaintiff from participation in class actions against Defendant.[4] Because the Court finds that the terms of the arbitration agreement are incorporated by reference, and the class action waiver is part of the arbitration

---

ARBITRATION PROVISION, AND JURY TRIAL WAIVER WHICH IS INCORPORATED INTO THIS AGREEMENT." (Doc. No. 1-1, pp. 31, 34).

[4] The contracts state: "you waive your right to . . . (3) serve as a private attorney general or in a representative capacity, and (4) be in a class action." (Doc. No. 10, Exhs. 3–6).

5

Case 3:24-cv-00739-MOC-DCK    Document 22    Filed 12/30/24    Page 5 of 6

agreement, the terms of that waiver are also binding on Plaintiff. Therefore, the Court will dismiss Plaintiff's class claims.[5]

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Compel Arbitration and Dismiss Class Claims, (Doc. No. 11), is **GRANTED**.

Signed: December 30, 2024

Max O. Cogburn Jr
United States District Judge

---

[5] Because the Court will grant the Motion to Compel Arbitration, it does not reach the question of whether Plaintiff stated a claim upon which relief can be granted.